UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MATTHEW TYLER,

    Petitioner,

v.                                                          Case No. 16-CV-292

DOUG BELLILE,

    Respondent.

---

DECISION AND ORDER DENYING
PETITIONER'S MOTION FOR RECONSIDERATION

---

Matthew Tyler filed a petition for a writ of habeas corpus, which I dismissed on December 10, 2018. (Docket # 25.) Judgment was entered on December 11, 2018. (Docket # 26.) On January 8, 2019, Tyler filed a notice of appeal to the United States Court of Appeals for the Seventh Circuit. (Docket # 33.) Presently before me is Tyler's motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(a) filed January 8, 2019.[1] (Docket # 34.)

Because Tyler's appeal has been docketed with the Seventh Circuit, I no longer have jurisdiction over this case. *Boyko v. Anderson*, 185 F.3d 672, 674 (7th Cir. 1999). Rule 57 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit states that if, while an appeal is pending, a party files a motion under Fed. R. Civ. P. 60(a) or 60(b) or "any other rule that permits the modification of a final judgment," that party should ask the district court whether it is inclined to grant the motion. If the district court is inclined to

---

[1] Although Tyler's Rule 59(e) motion was received by the district court clerk on January 14, 2019, Tyler completed a Certificate of Service noting that he placed the motion, with proper postage, in the mail on January 8, 2019. (Docket # 34 at 11.) As such, under the "prison mailbox rule," Tyler's motion was filed on January 8, 2019. *See Ray v. Clements*, 700 F.3d 993, 1002–06 (7th Cir. 2012).

grant the motion, the Seventh Circuit will remand the case to the district court to modify the judgment.

This court is not inclined to grant Tyler's motion. Federal Rule of Civil Procedure Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

Tyler's motion for reconsideration does not present any newly discovered evidence or present a manifest error of law or fact; rather, it generally repeats his legal arguments about ineffective assistance of counsel and insufficiency of the evidence. (Docket # 34 at 2–7.) While Tyler may disagree with my decision, a motion for reconsideration is not for rehashing previously unsuccessful arguments. That is the purpose of appeals.

Tyler's motion also points out several issues with my order that he characterizes as errors, and requests that they be corrected under Rule 60(a). (Docket # 34 at 1–2.) Rule

2

60(a) allows the court to correct a clerical mistake or a mistake arising from oversight or omission, but the Seventh Circuit has consistently interpreted this as referring to errors that prevent the order from implementing the result intended by the court. *See e.g. Brandon v. Chicago Bd. of Educ.*, 143 F.3d 293, 295 n. 2 (7th Cir. 1998) ("[The order] accurately reflected the court's intention at the time it was entered. Thus, the error, to the extent there was one, was not in the transcription, but in the court's decision, a ground for relief not contained in Rule 60(a)."); *Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 981, 984 (7th Cir. 1989) (holding that Rule 60(a) applies to errors in transcription that affect implementation of the judge's intent); *United States v. Griffin*, 782 F.2d 1393, 1397 (7th Cir.1986) ("Correction of the judgment restores the original meaning" where a "sleepwalking" clerk had erroneously typed "18%" instead of "8.7%".). *See also United States v. Cotton*, 235 F. Supp. 2d 989, 990–91 (E.D. Wis. 2002). This position makes obvious sense; it would be unnecessary and inefficient to use Rule 60(a) to correct errors that do not affect implementation of the court's intent.

      Here, the intent of the court was to deny Tyler's petition, and none of the problems Tyler points to impeded that intent. Tyler asserts that the "Background" section of the order is incomplete, points to a typo in a case citation, notes that the victim of his earlier conviction for Fourth Degree Sexual Assault was seventeen years old rather than thirteen, objects to "unsubstantiated claims" about his prior history of sexual offenses, and points out inaccurate citations to the record. (*Id.*) Even if these are errors, they do not affect the order's implementation of my intent to deny Tyler's petition. To be clear, Tyler's petition was denied because (1) there is no clearly established federal law as pronounced by the U.S. Supreme Court that individuals in civil commitment proceedings have a constitutional right

to effective assistance of counsel, and (2) the Wisconsin court's rejection of Tyler's insufficiency of the evidence claim was not contrary to, or an unreasonable application of, federal law. Thus, I am not inclined to amend my order under Rule 60(a).

Because Tyler is not entitled to reconsideration under either Rule 59(e) or 60(a), I will deny Tyler's motion.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion for Reconsideration (Docket # 34) is **DENIED**.

Dated at Milwaukee, Wisconsin this 17th day of January, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge